**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4607**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

CHARLES BOYD ALLEN, III,

                Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Terry L. Wooten, Chief District Judge.  (3:16-cr-00973-TLW-1)

Submitted:  May 30, 2018                                        Decided:  June 13, 2018

Before MOTZ, KING, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Janis Richardson Hall, JANIS RICHARDSON HALL, Greenville, South Carolina, for Appellant.  Beth Drake, United States Attorney, Alyssa Leigh Richardson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Boyd Allen, III, appeals from his conviction and the 70-month sentence imposed after he pled guilty, pursuant to a plea agreement, to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012).[1] Allen asserts that the district court committed reversible error when it: (1) denied his motion to dismiss the indictment based on the Uniform Commercial Code (UCC); (2) failed to comply with the requirements of Fed. R. Crim. P. 11 when it accepted his guilty plea; and (3) overruled his objection to his criminal history score calculation. Discerning no error, we affirm.

First, although Allen purports to assign error to the district court's decision to deny his motion to dismiss the indictment and its alleged failure to comply with Rule 11, counsel expressly concedes the meritlessness of these arguments. Accordingly, they need not be considered by this court.[2] Out of an abundance of caution, we nonetheless conclude that Allen's UCC argument is facially meritless and, after reviewing the transcript of Allen's plea colloquy, find that the district court fully complied with Rule 11 when it accepted Allen's guilty plea.

---

[1] Allen proceeded pro se during the criminal proceedings against him, but was at all times represented and assisted by stand-by counsel.

[2] It is important to note that counsel did not file Allen's brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), which would require this court to conduct a more searching review of the record.

We reject Allen's argument that the district court should have omitted two points from his criminal history score calculation. In reviewing a district court's application of the Sentencing Guidelines, we review the district court's findings of fact for clear error and its legal conclusions de novo. *See United States v. Osbourne*, 514 F.3d 377, 387 (4th Cir. 2008).

In his presentence investigation report (PSR), Allen's Guidelines range was calculated at 57 to 71 months in prison, based on a total offense level of 19 and a category V criminal history. Most relevant to this appeal, Allen was assigned two criminal history points for a prior South Carolina conviction for damaging or tampering with a vehicle (tampering conviction). Allen objected to the assignment of these two criminal history points, arguing that the tampering conviction should not be counted because the conduct underlying that conviction was related to offense conduct listed in a separate paragraph of his PSR, which was also assigned criminal history points. Allen essentially asserted at sentencing that the two sentences that were imposed for these convictions should be treated as a single prior sentence. The district court overruled Allen's objection and adopted the legal and factual conclusions contained in the PSR.

Allen's stand-by counsel was then afforded an opportunity to argue regarding an appropriate sentence under the 18 U.S.C. § 3553(a) (2012) factors, during which time counsel asked—based on the fact that Allen's objection to his criminal history score calculation was overruled—for a sentence at the bottom of Allen's Guidelines range. Although counsel that explained she was not asking for a variant sentence, counsel asked the district court to consider the criminal history score calculation "under a fairness

3

argument[.]" (J.A. 126-27). The district court expressed that it would consider counsel's argument, but explained that given Allen's vast criminal history, the seriousness of Allen's conduct underlying the charge before it, and the need to protect the public, a 70-month sentence was appropriate.

Under U.S. Sentencing Guidelines Manual (USSG) § 4A1.2(a)(2) (2016), if a defendant has multiple prior sentences, "[p]rior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)." *Id.* "If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day." *Id.* Thus, a district court must "[t]reat any prior sentence covered by (A) or (B) as a single sentence." *Id.*

Although Allen asserted at sentencing that his prior sentences should not be counted separately under USSG § 4A1.2(a)(2), the district court correctly rejected the argument. After determining that there had been no intervening arrest between the two offenses, the district court correctly considered whether subsection (A) or (B) applied. We conclude that, because the relevant offenses were charged in separate charging documents and the sentences imposed on separate days, under USSG § 4A1.2(a)(2), the court correctly counted the sentences separately.

To the extent Allen suggests that the district court erroneously rejected his argument for a lesser sentence under § 3553(a), we presume that a sentence within or below a properly calculated Guidelines range is substantively reasonable. *See United*

4

*States v. Susi*, 674 F.3d 278, 289 (4th Cir. 2012). Moreover, "[t]hat presumption can only be rebutted by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." *United States v. Vinson*, 852 F.3d 333, 357-58 (4th Cir. 2017) (internal quotation marks omitted).

Allen's argument that the district court should have imposed a lesser sentence because the double-counting of his criminal history points was unfair amounts to little more than his disagreement with the district court's rationale for the sentence imposed. The record establishes that the district court thoroughly considered Allen's double-counting argument, but disagreed with it, and—after considering the § 3553(a) factors it deemed relevant—provided the parties with a well-reasoned and thorough rationale for the sentence imposed. Because Allen has failed to rebut the presumption of reasonableness this court affords his within-Guidelines sentence, his sentence will not be disturbed. *See Gall v. United States*, 552 U.S. 38, 51 (2007) (holding that a mere disagreement with the sentence imposed "is insufficient to justify reversal of the district court").

Based on the foregoing, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5